ALD-096                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1507
_____

KIM MILLBROOK,
                                        Appellant

v.

UNITED STATES OF AMERICA;
WARDEN BLEDSOE; LT FOSROT, S.I.S.;
HEMPHILL, P.A.; WALLS, Paramedic;
HAWK, Correctional Officer; UNKNOWN
CORRECTION OFFICER, Security Guard;
EDINGER, Counselor; REAR, Assistant Warden
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 3-12-cv-00421)
District Judge:  Honorable William J. Nealon, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 12, 2013
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: January 2, 2014)
_____

OPINION
_____

PER CURIAM

Kim Millbrook, a federal prisoner proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania denying his motion for a preliminary injunction. For the reasons that follow, we will affirm the District Court's order.

Millbrook filed a complaint against employees of the United States Penitentiary in Lewisburg, Pennsylvania pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80. Millbrook, who is housed in the Special Management Unit, alleged that he told prison staff that he was not safe there because gang members had "a hit out on him." Compl. at 6. Millbrook averred that his cellmate assaulted him on March 1, 2010, and that three correctional officers sexually assaulted him on or about March 5, 2010. He also alleged that an inmate sexually assaulted him on November 12, 2010, that two correctional officers set up the attack, and that the Assistant Warden witnessed it. Millbrook further alleged that another cellmate attacked him on May 12, 2011, and that a paramedic and a correctional officer physically and sexually assaulted him after the attack. Millbrook claimed violations of his First and Eighth Amendment rights and sought compensatory and punitive damages.

Based on these allegations, Millbrook also filed a motion for a preliminary injunction seeking placement in protective custody or a single cell. The United States opposed the motion and asserted that Millbrook's allegations of sexual abuse had been investigated and were determined to be unfounded. The United States also noted that Millbrook had a new cellmate and that they had been living together without incident.

2

The District Court denied Millbrook's motion for a preliminary injunction and this appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). Our standard of review is narrow. Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 562 F.3d 553, 556 (3d Cir. 2009). "Unless an abuse of discretion is 'clearly established, or an obvious error has ocurred [sic] in the application of the law, or a serious and important mistake has been made in the consideration of the proof, the judgment of the trial court must be taken as presumptively correct.'" Id. (citations omitted).

As recognized by the District Court, in determining whether a preliminary injunction should be issued, a court must consider the likelihood that the moving party will succeed on the merits, the extent to which the moving party will suffer irreparable harm if an injunction is not granted, the extent to which the nonmoving party will suffer irreparable harm if an injunction is issued, and the public interest. Id.

In concluding that Millbrook had not sufficiently shown a likelihood of success on the merits of his complaint, the District Court explained that the defendants had submitted factual material attacking the credibility of Millbrook's claims of being subjected to multiple assaults. The District Court stated that Millbrook had raised claims of sexual abuse by other inmates and staff at USP-Lewisburg and his former place of imprisonment and that internal investigations had found his claims unsupported. The District Court noted that Millbrook has mental health issues for which he takes medication. The District Court also concluded that Millbrook had not shown that he would likely suffer irreparable harm absent relief and noted that his complaint, filed in

3

March 2012, was based on incidents that had allegedly occurred from March 2010 to May 2011.

The record reflects that there were internal investigations into Millbrook's allegations that he was sexually abused on July 8, 2009 by prison staff at his prior place of confinement, on March 4, 2010 and May 12, 2011 by prison staff at USP-Lewisburg, and on September 19, 2010 by an inmate at USP-Lewisburg. In each case, Millbrook's allegations were found unsubstantiated. Millbrook also submitted a copy of his disciplinary record, which reflects a history of fighting with other inmates and assaultive behavior. Based on this evidence, we agree with the District Court that Millbrook has not shown a likelihood of success on the merits of his complaint.

We also agree with the District Court that Millbrook has not shown, based on the allegations in his complaint, that he would suffer irreparable harm absent relief. See Acierno v. New Castle County, 40 F.3d 645, 655 (3d Cir. 1994) (noting requirement of a "clear showing of immediate irreparable injury"). We recognize that Millbrook submitted evidence of two more incidents that allegedly occurred after he filed his complaint. He attested, and provided corroborating affidavits from two inmates, that in July 2012 he was attacked by his cellmate and staff failed to respond, and that in October 2012 prison staff ordered another inmate to start an altercation with him. The government submitted evidence disputing that an attack occurred in July 2012 and reflecting that Millbrook had attacked his cellmate in October 2012. These submissions reflect that Millbrook has been involved in additional altercations from time to time and

4

that the parties dispute the circumstances. This evidence is insufficient to establish that Millbrook will suffer immediate irreparable injury absent an injunction.

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.[1]

---

[1]Millbrook's motion for appointment of counsel is denied.